UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW SIMMERS, | |
| **Plaintiff,** | |
| v. | Civil Action No. 20-1548 (JEB) |
| NATIONAL RAILROAD PASSENGER CORPORATION, | |
| **Defendant.** | |

## MEMORANDUM OPINION

Claiming that he was injured while working for his employer, Defendant National Railroad Passenger Corporation (Amtrak), Plaintiff Andrew Simmers brought this suit seeking damages under the Federal Employers' Liability Act.  The problem for Simmers, as Amtrak points out, is that he filed for bankruptcy after the injury, and such filing transfers an individual's assets (including known legal claims) to the bankruptcy trustee.  This means that, at least as of now, only the trustee has standing to pursue Simmers's FELA cause of action.  The Court will thus dismiss this case without prejudice for want of subject-matter jurisdiction.

## I.    Background

According to the Complaint, on May 29, 2019, Plaintiff, a foreman at Amtrak, suffered injuries to his upper body when trying to remove rail jacks from the back of a utility truck.  See ECF No. 1 (Compl.), ¶ 8.  Two weeks later, his counsel notified Defendant of the incident and warned it to preserve information and evidence that might be relevant to future litigation.  See ECF No. 12 (Def. MSJ), Exh. A (6/13/19 Letter).  He subsequently filed this suit on June 12, 2020.

Prior to lodging his Complaint here, however, Simmers, represented by counsel, filed a Petition for Bankruptcy in the United States Bankruptcy Court for the District of Maryland.  See Def. MSJ, Exh. B (Petition). (As the Court explains below, it may be relevant down the road that in his list of assets submitted there, he did not mention his potential FELA claim against Amtrak.)  On January 28, 2020, the Bankruptcy Court issued an Order of Discharge, id., Exh. C (Order), discharging Plaintiff from approximately $50,000 of debt owed to multiple creditors. See Petition at ECF pp. 8, 19–26.  Citing this proceeding, Amtrak now moves for summary judgment, contending both that Simmers lacks standing here and that his suit is barred by the principle of judicial estoppel.

## II.  Legal Standard

As the Court decides this matter on standing grounds, it lays out only the standard under Federal Rule of Civil Procedure 12(b)(1).  When a defendant brings a Rule 12(b)(1) motion to dismiss, the plaintiff must demonstrate that the Court indeed has subject-matter jurisdiction to hear his claims.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000).  "Absent subject matter jurisdiction over a [claim], the court must dismiss it."  Bell v. U.S. Dep't of Health & Human Servs., 67 F. Supp. 3d 320, 322 (D.D.C. 2014).  "Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion [also] imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."  Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).

In policing its jurisdictional borders, a court must scrutinize the complaint, treating its factual allegations as true and granting the plaintiff the benefit of all reasonable inferences that can be derived from the alleged facts.  See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249,

1253 (D.C. Cir. 2005).  The court need not rely "on the complaint standing alone," however, but may also look to undisputed facts in the record or resolve disputed ones.  See Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

## III.    Analysis

Defendant Amtrak first argues that any legal claim that an individual is pursuing (or knows about and may pursue in the future) when he files for Chapter 7 bankruptcy is transferred by such filing to the trustee.  As the debtor no longer possesses the claim, he has no standing to prosecute it.  See MSJ at 13–14.  This is correct.  The D.C. Circuit has explained the law, which applies here given that Simmers's FELA claim arose prior to the filing of his Petition:

> In the context of bankruptcy proceedings, it is well understood that "a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008) (per curiam).  The commencement of Chapter 7 bankruptcy extinguishes a debtor's legal rights and interests in any pending litigation, and transfers those rights to the trustee, acting on behalf of the bankruptcy estate.  See 11 U.S.C. § 541(a)(1) (indicating that a bankruptcy estate includes "all legal or equitable interests of the debtor in property"); id. § 323 (establishing the bankruptcy trustee as the "representative" of the estate with the "capacity to sue and be sued" on its behalf).  Thus, "[g]enerally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." Parker [v. Wendy's Intern., Inc.], 365 F.3d [1268,] 1272 [(11th Cir. 2004)]; accord Turner v. Cook, 362 F.3d 1219, 1225–26 (9th Cir. 2004); Detrick v. Panalpina, Inc., 108 F.3d 529, 535 (4th Cir. 1997).

Moses v. Howard Univ. Hosp., 606 F.3d 789, 795 (D.C. Cir. 2010); see also In re Bailey, 306 B.R. 391, 392 (Bankr. D.D.C. 2004) ("In a chapter 7 bankruptcy case, any unliquidated lawsuits initiated by a debtor prepetition (or that could have been initiated by the debtor prepetition)

become part of the bankruptcy estate subject to the sole direction and control of the trustee,

unless exempted or abandoned or otherwise revested in the debtor.").

     As <u>Bailey</u> mentions, one significant exception exists to this rule.  In the event the trustee

<u>abandons</u> a claim, it reverts to the debtor, who may then pursue it himself.  This is also a point

that our Court of Appeals has elucidated:

> An outstanding legal claim that is abandoned by the trustee reverts
> back to the original debtor-plaintiff.  <u>See</u> 11 U.S.C. § 554(a)
> (directing that "[a]fter notice and a hearing, the trustee may abandon
> any property of the estate that is burdensome . . . or that is of
> inconsequential value and benefit to the estate"); <u>id.</u> § 554(c)
> (directing that "any property scheduled . . . [but] not otherwise
> administered at the time of the closing of a case is abandoned to the
> debtor and [considered] administered").  "'[U]pon abandonment . . .
> the trustee is . . . divested of control of the property because it is no
> longer part of the estate . . . .  Property abandoned under
> [§] 554 reverts to the debtor, and the debtor's rights to the property
> are treated as if no bankruptcy petition was filed.'" <u>Kane</u>, 535 F.3d
> at 385 (quoting 5 <u>Collier on Bankruptcy</u> ¶ 554.02[3], p. 554–[5]5);
> <u>see also</u> <u>Parker</u>, 365 F.3d at 1272.

<u>Moses</u>, 606 F.3d at 795; <u>see also</u> <u>Dalley v. Mitchell Rubenstein & Assoc., P.C.</u>, 172 F. Supp. 3d

6, 13 (D.D.C. 2016) ("Under well-settled law, title to claims that have been transferred to the

bankruptcy estate to be handled by the trustee remains in the estate <u>unless the cause of action is</u>

<u>abandoned</u> back to the debtor pursuant to § 554 of the Bankruptcy Code.").

     Simmers cannot rely on this exception here since the claim was never listed as an asset or

addressed at any bankruptcy hearing.  As discussed above, moreover, "'[a]bandonment' is a term

of art, and the limited circumstances under which abandonment can be deemed to have occurred

are delineated in § 554 of the Bankruptcy Code. <u>Dalley</u>, 172 F. Supp. 3d at 13.  Without going

into more detail, that section enumerates circumstances that do not exist here.  As the trustee has

never abandoned the claim, Simmers is not free to prosecute it himself.  <u>Id.</u> at 14 ("But where

nothing in the record shows that a trustee ever abandoned a debtor's cause of action, dismissing a

complaint brought by the debtor for lack of standing is proper.") (cleaned up) (quoting Marshall v. Honeywell Tech. Sols., Inc., 675 F. Supp. 2d 22, 26 (D.D.C. 2009)); see also Parker, 365 F.3d at 1272 (stating that lack of standing, not judicial estoppel, is more appropriate defense where debtor brings claim that was not abandoned by trustee).

One final point bears mention. As the Court finds no standing, it will dismiss the case without prejudice, which means that the trustee may renew the suit, or Simmers may refile in the event the trustee subsequently abandons the claim. In the latter instance, however, Plaintiff will need to overcome Amtrak's alternative defense of judicial estoppel, which courts may invoke "[w]here a party assumes a certain position in a legal proceeding, . . . succeeds in maintaining that position, . . . [and then,] simply because his interests have changed, assume[s] a contrary position." New Hampshire v. Maine, 532 U.S. 742, 749 (2001). Although there may be exceptions based on the debtor's knowledge or state of mind, "[t]he federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the [plaintiff's] action." Quin v. Cty. of Kauai Dep't of Transp., 733 F.3d 257, 271 (9th Cir. 2013); accord Robinson v. District of Columbia, 10 F. Supp. 3d 181, 185 (D.D.C. 2014). This doctrine, conversely, would not pose an obstacle for the trustee.

## IV.    Conclusion

The Court, accordingly, will issue a contemporaneous Order granting Defendant's Motion and dismissing this action without prejudice.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  December 2, 2020